## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CASE NO.:

ALDO CIPRIANO,

      Plaintiff,

vs.

CUCINA GLORIA, LLC,

      Defendant.

_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALDO CIPRIANO (hereinafter "Plaintiff") files this Complaint against Defendant, CUCINA GLORIA (hereinafter "Defendant") for violations of the Fair Labor Standards Act (hereinafter "FLSA"), the Florida Minimum Wage Act, 26 U.S.C. § 7434(a), and Florida common law, and alleges as follows:

1.  Plaintiff Aldo Cipriano was employed by Defendant from approximately July 2019 until October 16, 2020. He worked out of Defendant's sole restaurant location, located at 625 North Tamiami Trail, Suite D, Sarasota, Florida 34275.

2.  Defendant CUCINA GLORIA, LLC is a Florida Limited Liability Company with a principal place of business at 625 N. Tamiami Trail, Suite D, Nokomis, Florida 34275.

## JURISDICTIONAL ALLEGATIONS

3.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the FLSA and 26 U.S.C. § 7434(a).

4.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as the state law claims are related to Plaintiff's federal claims, and arise from the same case or controversy as Plaintiff's federal claims.

5.  This Court has original and personal jurisdiction over this action because Defendant is engaged in business within the State of Florida, and the action complained of occurred in Florida.

6.  Venue is proper in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) and the Local Rule for the United States Distict Court, Middle District of Florida 1.02(c) because the events giving rise to these claims occurred in this jurisdiction and Defendant conducts business in this jurisdiction.

## FLSA COVERAGE

7.  At all times material hereto, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8.  At all times material hereto, Defendant has been an enterprise in commerce or

in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(r) and 203(s) of the FLSA because it has employees engaged in commerce.

9.  Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

10. At all times material hereto, Plaintiff was an employee of Defendant, who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206. For example, employees employed by Defendant cooked and served food and drinks that were moved in interstate commerce, to customers both from Florida and outside of Florida.

11. Plaintiff's duties as an employee of Defendant consisted primarily of cooking food for Defendant's restaurant patrons. Accordingly, Plaintiff was involved in interstate commerce.

## GENERAL ALLEGATIONS

12. Plaintiff was employed by Defendant as their chef in July 2019.

13. In exchange for his work, Plaintiff was promised $1,200.00 per week in compensation.

14. In addition, upon his hiring, the restaurant owner, Mr. Thomas Lupari, promised that he would cover the costs associated with Plaintiff's efforts to obtain U.S. citizenship, and act as a witness on his behalf at any resultant citizenship hearing.

15. Throughout his employment, Plaintiff was an employee in good standing. He was free for any employee discipline or reprimand. He was never the subject of any type of employee counseling and was never put on any sort of performance improvement plan.

16. Plaintiff worked between ten (10) and twelve (12) hours per day, six days per week for Defendant. Despite these efforts, Plaintiff was almost never paid the $1,200.00 per hour he was promised at the time of his hire.

17. On many weeks, Plaintiff received no pay whatsoever.

18. On other weeks, Plaintiff would only receive minimal amounts of money (for example, $200.00).

19. On or about October 16, 2020, Plaintiff asked Mr. Lupari for a W-2 form to assist him in filing his annual tax return. In response, Mr. Lupari refused to provide the document, and immediately thereafter terminated Plaintiff's employment.

20. The FLSA requires employers to keep certain records for each non-exempt worker, in particular, records indicating the amount of hours every such employee works during each workweek. 29 C.F.R. Part 516.

21. Through information and belief, Defendant kept no such records regarding the amount of time worked by Plaintiff in any given workweek, nor required Plaintiff to take any action in assisting Defendant account for the time he worked.

22. If no records exist indicating the amount of hours worked by Plaintiff, Plaintiff

may establish the hours he worked solely by his testimony, and the burden of overcoming such testimony shifts to the employer. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

23. Defendant provided only a portion of the agreed upon compensation to Plaintiff, or no compensation whatsoever, for many workweeks.

24. Accordingly, during many workweeks, Plaintiff was not compensated at the federally mandated minimum wage.

25. Moreover, Defendant failed to classify Plaintiff as any type of employee or contractor during the entirety of his employment. Defendant has submitted neither a Form W-2 or a Form 1099, indicating Plaintiff's status for tax purposes.

26. As a result, Defendant willfully filed fraudulent information returns with respect to payments made to Plaintiff.

27. Defendant knew or should have known that its pay policies with respect to Plaintiff violated the FLSA, and Defendant did not make a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law, carried out its illegal pattern and practice of requiring Plaintiff to work in exchange for little to no pay. Defendant's pay practices with respect to Plaintiff were not based on a good faith and reasonable belief that its conduct complied with the FLSA.

28. In accordance with Florida Statute § 448.110, Plaintiff sent Defendant a notice

via Certified Mail of his intent to initiate a claim for unpaid minimum wages under Florida Law. That notice is attached hereto as Exhibit "A."

29. After fifteen (15) days elapsed from delivery of the notice, no response was received by the undersigned.

30. Plaintiff has satisfied all conditions precedent, or they have been waived.

31. Plaintiff has hired the undersigned law firm and has agreed to pay them a fee.

## COUNT I: VIOLATION OF THE FLSA'S MINIMUM WAGE REQUIREMENT

32.     Plaintiff adopts by reference, as if set out fully and completely in this Count, paragraphs 1-31 of this Complaint.

33.     Defendant engaged in a pattern, policy and practice of violating the FLSA, as detailed in this Complaint.

34.     At all relevant times, Defendant was an employer engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed employees, including Plaintiff.

35.     Defendant was required by the FLSA to pay directly to Plaintiff the applicable minimum wages to which he was entitled under the FLSA.

36.     Defendant failed to pay Plaintiff the minimum wages to which he was entitled under the FLSA.

37.     Defendant's unlawful conduct, as described in this Complaint, has been

willful and intentional. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

38.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitation applies.

39.    As a result of Defendant's willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## COUNT II: BREACH OF CONTRACT

40.    Plaintiff adopts by reference, as if set out fully and completely in this Count, paragraphs 1-31 of this Complaint.

41.    In or around July 2019, Defendant offered to pay Plaintiff $1,200.00 per week in exchange for Plaintiff's work as a chef at Defendant's restaurant.

42.    Plaintiff accepted Defendant's offer, and began working at Defendant's restaurant as its chef immediately thereafter.

43.    Adequate consideration existed to support the formation of a valid, binding contract.

44.    Defendant breached this contract by failing to pay Plaintiff $1,200.00

per work in exchange for his work.

45.     As a result of Defendant's breach, Plaintiff has suffered damages, including actual damages, expectation damages, and consequential damages, in amounts to be determined at trial.

### COUNT III: VIOLATION OF FLORIDA'S MINIMUM WAGE ACT

46.     Plaintiff adopts by reference, as if set out fully and completely in this Count, paragraphs 1-31 of this Complaint.

47.     Under Florida Statute § 448.110, all employees employed by employers in the years 2019 and 2020 were to receive a minimum wage of at least $8.56 per hour for each hour worked during each workweek.

48.     As detailed in this Complaint, during many workweeks, Plaintiff received little or no compensation whatsoever.

49.     Plaintiff satisfied Section 448.110(6)(a)'s prerequisite of sending notice to the employer prior to initiating an action under Florida's Minimum Wage Act, and providing the employer fifteen (15) days from the date the notice is delivered for them to resolve the claim. See Exhibit "A" attached hereto.

50.     As a result of Defendant's violations of Florida's Minimum Wage Act, Plaintiff has suffered damages by being denied minimum wages in accordance with the Act, in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other

compensation.

## COUNT IV: VIOLATION OF 26 U.S.C. § 7434(a)

51.     Plaintiff adopts by reference, as if set out fully and completely in this Count, paragraphs 1-31 of this Complaint.

52.     Pursuant to 26 U.S.C. § 7434, "if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return."

53.     At all times relevant hereto, Defendant failed to properly classify Plaintiff as an employee.

54.     Defendant issued information returns with respect to payments made to Plaintiff.

55.     The information returns issued by Defendant related to payments made to Plaintiff were fraudulent.

56.     Defendant willfully and knowingly issued the fraudulent information returns relating to the payments made to Plaintiff.

57.     In connection with Defendant's willful submission of fraudulent information returns relating to payments made to Plaintiff, Plaintiff demands costs attributable to resolving deficiencies, damages of $5,000.00, damages resulting from additional tax debts and additional time/expenses associated with any necessary

correction, all costs and attorneys' fees incurred in prosecuting this claim, and for such further relief as the Court deems just and equitable.

## COUNT V: UNPAID WAGES UNDER FLORIDA COMMON LAW

58.   Plaintiff adopts by reference, as if set out fully and completely in this Count, paragraphs 1-31 of this Complaint.

59.   Plaintiff worked for Defendant during the statutory period.

60.   Defendant agreed to pay Plaintiff for his services.

61.   Defendant failed to compensate Plaintiff for all wages owed for the work performed.

62.   Accordingly, Plaintiff demands judgment against Defendant for an amount equal to Plaintiff's unpaid back wages, all costs and attorneys' fees incurred in prosecuting this claim in accordance with Florida Statute § 448.08, and for such further relief as this Court deems just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff hereby demands the above referenced economic damages, liquidated damages, compensatory damages,

reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems just and appropriate.

DATED this 25th day of June, 2021, and respectfully submitted by:


/s/ Nicholas J. Castellano, II
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601
E-Mail: nick@buckmanandbuckman.com

/s/ Y. Drake Buckman, II
Y. Drake Buckman, II, Esq.
Florida Bar Number: 0137634
E-Mail:
attorney@buckmanandbuckman.com

**BUCKMAN & BUCKMAN, P.A.**
2023 Constitution Blvd.
Sarasota, FL 34231
Telephone:  (941) 923-7700
Fax:            (941) 923-7736

*Attorneys for Plaintiff, Aldo Cipriano*